Nicholas A. BORSELLO, Jr., Appellant,

v.

**Raymond COLLERAN.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 16, 2003.
Decided Oct. 17, 2003.

Nicholas A. Borsello, Jr., appellant, pro se.

Robert A. Greevy, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Nicholas A. Borsello, Jr. appeals the order of the Court of Common Pleas of the 22nd Judicial District, County of Wayne, dismissing his "Petition for Writ of Habeas Corpus Ad Testificandum" for lack of jurisdiction. We affirm.

Borsello filed his petition, naming "Superintendent Raymond Colleran et al." as defendants. The petition begins with a request that Colleran be directed to bring him before the court for a trial. The petition's statement of case relates a sequence of events that resulted in Borsello's recommitment by the Pennsylvania Board of Probation and Parole (Board) and the subsequent denial of reparole, which events he relates directly to the conspiratorial collusion among the Board, the De-

partment of Corrections, and one Jeanine Jennell, who apparently has custody of Borsello's son and who allegedly offered perjured testimony in connection with the recommitment and allegedly filed false and malicious charges against Borsello in an effort to prevent him from being reparoled and to maintain custody of his son. The petition challenges the recommitment on due process and other grounds and the Board's reasons for denying him reparole and its recommendation that Borsello complete various programs that would be considered at his next parole interview.

At the direction of the trial judge, Colleran and the Board of Probation and Parole filed a memorandum response to Borsello's petition in which they challenged the trial court's jurisdiction. In an opinion and order dated July 8, 2003, the trial court dismissed Borsello's petition for lack of jurisdiction after concluding that exclusive jurisdiction over his claims lies within Commonwealth Court. Borsello filed the present appeal.

On appeal, Borsello raises the following issues: whether the trial court erred in not issuing the requested writ to have superintendent Colleran bring him before the trial court for a trial; whether the court erred in failing to give weight to uncontroverted evidence that the Board breached its contract with him that parole would not be revoked unless he violated it; and whether the court erred by not granting him relief as to his continued illegal incarceration. These issues all relate to the merits of his petition, which the trial court did not address after it concluded that it lacked jurisdiction. The only issued decided by the trial court was jurisdiction, and therefore it is the only issue before this Court on appeal.

█ Although titled petition for habeas corpus and containing a request that superintendent Colleran bring Borsello be-

fore the court for trial, we must agree with the trial judge's conclusion that Borsello's petition raises claims related to the revocation of his parole and the Board's denial of reparole. Appeals of the Board's parole revocation and recommitment orders are within the exclusive appellate jurisdiction of the Commonwealth Court. 42 Pa.C.S. § 763(a). Borsello acknowledges in his petition that he exercised his appeal rights in connection with the revocation of his parole and that this Court affirmed the Board's denial of administrative relief in a memorandum opinion filed on November 3, 2000 (No. 3274 C.D.1999).

■■■ As for the Board's denial of reparole, the law is well settled that denial of parole is discretionary and not appealable. *Rogers v. Pennsylvania Board of Probation and Parole,* 555 Pa. 285, 724 A.2d 319 (1999); *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa.Cmwlth. 333, 514 A.2d 967 (1986). The General Assembly has conferred upon the Board sole discretion to determine whether a prisoner is sufficiently rehabilitated to serve out the remainder of his sentence outside of prison. *Rogers.* The courts of this Commonwealth have determined that denial of parole for an inmate's failure to participate in recommended treatment programs presents no constitutional violation. *Weaver v. Pennsylvania Board of Probation and Parole,* 688 A.2d 766 (Pa. Cmwlth.1997).

We note that the trial court did not err in failing to transfer this matter pursuant to 42 Pa.C.S. § 5103, which mandates the transfer of erroneously filed matters. In the instant case, although the trial court acknowledged this Court's exclusive jurisdiction over parole revocation appeals, the Board is not a party named in the caption of Borsello's petition. Moreover, as stated above, the petition acknowledged that Borsello exhausted his appeals in connection with the parole revocation.

Because we conclude that the trial court properly concluded that it lacked jurisdiction over Borsello's claims, we affirm the trial court's order dismissing Borsello's petition.

### ORDER

AND NOW, this 17th day of October 2003, the order of the Court of Common Pleas of the 22nd Judicial District, County of Wayne, in the above-captioned matter is affirmed.

Petitioner's motion for transcripts and application for oral argument are dismissed as moot.

DISSENTING OPINION BY Judge FRIEDMAN.

I respectfully dissent. First, I do not agree that the "Petition for a Writ of Habeas Corpus Ad Testificandum" (Petition) filed by Nicholas A. Borsello, Jr. (Borsello) against Raymond Colleran (Colleran), Superintendent of SCI–Waymart, in the Court of Common Pleas of the 22nd Judicial District (trial court) in November of 2001 actually is an impermissible second appeal from the decision of the Pennsylvania Board of Probation and Parole (Board) dated September 7, 1999,[1] and an untimely first appeal from the decision of the Board dated November 3, 2000. Second, I am troubled that the majority does not even mention that: (1) Borsello originally filed his appeal with the Pennsylvania Superior Court; (2) the Superior Court transferred the appeal to this court; and (3) Colleran

---

1. Borsello filed a timely appeal from the Board's September 7, 1999, decision; in fact, the matter reached this court, which filed an unpublished opinion relating thereto. (*See* Petition, Ex. H.) Subsequent or second appeals are not permitted under 37 Pa.Code § 73.1.

now specifically challenges the transfer. By affirming on the merits, without analyzing the jurisdictional question, the majority implicitly holds that this court has appellate jurisdiction over final orders of the courts of common pleas which dismiss habeas corpus petitions challenging the denial of parole on constitutional grounds. I cannot agree.

## I. Purported Habeas Corpus Petition

The majority holds that, because Borsello's Petition raises constitutional questions relating to the Board's September 7, 1999, decision to recommit him as a technical parole violator and the Board's November 3, 2000, decision to deny him parole, the trial court lacked jurisdiction over Borsello's Petition. (Majority op. at 2–3.) I submit that this holding is contrary to our supreme court's decision in *Winklespecht v. Pennsylvania Board of Probation and Parole*, 571 Pa. 685, 813 A.2d 688 (2002).

In *Winklespecht*, a prisoner petitioned our supreme court for a writ of habeas corpus, claiming that the Board violated the *ex post facto* clause of the United States Constitution in denying him parole. Justice Eakin, writing the lead opinion for a divided court, **decided the merits of the case** but stated that the court would leave for another day the question of the propriety of habeas corpus to challenge the denial of parole on constitutional grounds. *Id.* Chief Justice Zappala and Justice Nigro concurred in the result.

Justice Saylor, in a concurring and dissenting opinion, stated that, despite the court's deferral of the habeas corpus question, **the court actually afforded habeas review by deciding the merits of the case.** *Id.* (Saylor, J., concurring and dissenting). Justice Saylor would have held that constitutional challenges to the Board's denial of parole are *not* cognizable under a habeas corpus paradigm. *Id.* Justice Cappy agreed with Justice Saylor on this point. *Id.* (Cappy, J., concurring).

Justice Castille, joined by Justice Newman, reiterated the view they expressed in *Coady v. Vaughn*, 564 Pa. 604, 770 A.2d 287 (2001) (Castille, J., concurring), that habeas corpus relief *is* available to a Pennsylvania prisoner who is seeking deliverance from illegal confinement resulting from an allegedly unconstitutional denial of parole.

Thus, two justices of our supreme court have concluded that habeas corpus relief is *not* available to challenge the denial of parole on constitutional grounds. Two justices have concluded that habeas corpus relief *is* available to challenge the denial of parole on constitutional grounds. Three justices have expressed no legal opinion on the issue, but they have permitted judicial review of a habeas corpus petition challenging the denial of parole on constitutional grounds. Here, by holding that the trial court lacks jurisdiction over a habeas corpus petition challenging the denial of parole on constitutional grounds, the majority of this court has implicitly agreed with the *minority* of our supreme court.

Unlike the majority, I would follow the example of our supreme court in *Winklespecht* and allow Borsello to challenge allegedly unconstitutional Board action by filing his Petition. If our supreme court did not intend such a result, the court would not have addressed the merits of the habeas corpus petition before it in that case. In fact, if the habeas corpus petition in *Winklespecht* was improper, as the majority implicitly holds, then our supreme court did not have jurisdiction over it and the decision on the merits was a nullity.

## II. Commonwealth Court Jurisdiction

I do not agree with the majority's implicit holding that this court has jurisdiction over appeals from final orders of the courts of common pleas which dismiss habeas corpus petitions challenging the denial of parole on constitutional grounds.

The "Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas ... *except* such classes of appeals as are by any provision of this chapter [Chapter 7] within the exclusive jurisdiction of the ... Commonwealth Court." Section 742 of the Judicial Code, 42 Pa.C.S. § 742 (emphasis added). Section 762(a) of the Judicial Code provides, in pertinent part, as follows:

[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(1) Commonwealth civil cases.—All civil actions or proceedings:

(i) Original jurisdiction of which is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction),[2] *except actions or proceedings in the nature of applications for a writ of habeas corpus*

. . . .

42 Pa.C.S. § 762(a) (emphasis added). Thus, if the Petition is in the nature of an application for a writ of habeas corpus, our superior court, rather than this court, would have appellate jurisdiction over the trial court's decision.

I maintain that, under *Winklespecht*, courts must allow the use of habeas corpus to challenge the denial of parole on constitutional grounds. That is what Borsello is doing here. Because Borsello has appealed from the final order of a court of common pleas which dismissed a habeas corpus petition challenging the denial of parole on constitutional grounds, I would conclude that this court lacks jurisdiction over the appeal.

Normally, I would favor the transfer of this case to our superior court under Pa. R.A.P. 751. However, our supreme court has disapproved the refusal of transferred cases and the "retransfer" of cases **by the courts of common pleas.** *See Balshy v. Rank,* 507 Pa. 384, 490 A.2d 415 (1985). Commentators believe that this disapproval of "retransfers" would apply equally to transfers between this court and our superior court. *See* G. Ronald Darlington et al., Pennsylvania Appellate Practice § 752:7 (2nd ed. 2001). For that reason alone, I conclude that this court may assume jurisdiction over Borsello's appeal.

Addressing the merits of Borsello's appeal, because *Winklespecht* allows Borsello to use a habeas corpus petition to challenge the denial of parole on constitutional grounds, I would reverse the trial court's order dismissing Borsello's Petition for lack of jurisdiction and remand this case to the trial court for further proceedings.

---

2. Section 761(a)(1) of the Judicial Code provides, in pertinent part, as follows:

The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except: (i) actions or proceedings in the nature of applications for a writ of habeas corpus.... 42 Pa.C.S. § 761(a)(1).