ALD-150                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1203

MIKE BUXTON, Appellant

v.

THE COMMONWEALTH OF PENNSYLVANIA

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 09-cv-01626)
District Judge:  Honorable Terrence F. McVerry

Submitted for Possible Summary Action Pursuant to Third Circuit
L.A.R. 27.4 and I.O.P. 10.6 and on Appellant's Request for a
Certificate of Appealability Under 28 U.S.C. § 2253(c)(1)
April 29, 2010

Before: SLOVITER, AMBRO, and SMITH, Circuit Judges

(Opinion filed: September 22, 2010)

OPINION

PER CURIAM.

Mike Buxton appeals from the District Court's order dismissing his petition for a

writ of habeas corpus under 28 U.S.C. § 2254 for failure to exhaust available state court

remedies.  For the reasons that follow, we will summarily vacate the District Court's

order and remand for further proceedings.

I.

Buxton entered a plea of guilty in Lawrence County, Pennsylvania, to delivery of a controlled substance, and was sentenced in November 2005 to six months to five years in prison. (Docket No. 37-cr-344-2005.) The trial court's docket reflects that Buxton filed a motion for reconsideration of the sentence, but then withdrew the motion. He did not file an appeal. In January 2009, he filed a petition under the Post-Conviction Relief Act ("PCRA"). The trial court denied the PCRA petition. Buxton appealed that ruling, but then asked that the appeal be discontinued, a request that the Superior Court granted on September 11, 2009. (Docket No. 783 WDA 2009.) There is no record of Buxton having sought other review in state court.

In 2008, apparently after being paroled, Buxton entered another guilty plea in Lawrence County, this time to possession with intent to deliver a controlled substance. (Docket No. 37-cr-898-2007.) He was sentenced on March 25, 2008, to one to five years in prison, consecutive to other sentences. He did not appeal or file a PCRA petition.

The state trial court dockets reflect that, as of June 2009, Buxton had filed letters, in both of his cases, concerning his desire to pursue PCRA review nunc pro tunc. Buxton, however, does not currently have a PCRA petition pending, and he has not filed any additional pleadings in state court in either case since September 2009.

In December 2009, Buxton filed a pro se § 2254 petition in the United States

2

District Court for the Western District of Pennsylvania. The habeas petition is poorly organized, but it appears that Buxton raises three grounds for relief. In grounds (1) and (2), he incorporates by reference certain pro se "briefs," which appear to be the letters that he filed in 2009 with the state trial court, and in those briefs he purports to raise various claims, including ineffective assistance of plea counsel and other challenges to the convictions and sentences. In ground (3), Buxton attacks the decision of the Pennsylvania Board of Probation and Parole ("Parole Board") to revoke his parole. A copy of the parole decision is not attached to the habeas petition, but Buxton states that his parole was revoked in April 2008. Buxton claims that the Parole Board failed to conduct the revocation hearing in accordance with due process. As relief, he asks the District Court to "vacate both sentences, and resentence [him] to 28 months time served." Ptn. at 16. Alternatively, he asks that the sentences be vacated and parole reinstated. Id.

Before ordering service upon the respondent, the Magistrate Judge recommended dismissal sua sponte for failure to exhaust available state court remedies. The Magistrate Judge noted – as it turns out incorrectly – that Buxton "has an appeal pending in the Superior Court on the 2005 conviction;" as noted above, Buxton withdrew that appeal in September 2009. The Magistrate Judge also found that Buxton "is apparently seeking leave to file a [PCRA] petition nunc pro tunc in the 200[8] conviction." The Magistrate Judge concluded that, "[d]espite some confusion in the record, what is clear is that [Buxton] has failed to exhaust the available state court remedies and that his petition here

3

is premature."

The District Court overruled Buxton's objections, adopted the Report and Recommendation, and dismissed the petition. The District Court added that Buxton had also failed to exhaust available remedies regarding the parole decision. Buxton timely filed this appeal, and he has submitted a request for a certificate of appealability. This Court directed the parties to show cause as to why the matter should not be summarily remanded.[1] Buxton has filed a response to the show cause order. The Commonwealth has not filed a response or entered an appearance in this Court.

II.

We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).[2] Our review is plenary of the District Court's exhaustion analysis. See Holloway v. Horn, 355 F.3d 707, 713 (3d Cir. 2004).

A habeas petition under § 2254 cannot be granted unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

---

[1] Summary action is appropriate when an appeal presents "no substantial question." 3d Cir. L.A.R. 24.7 and I.O.P. 10.6.

[2] Buxton's request for a certificate of appealability is granted, as the dismissal of his habeas petition on the ground of non-exhaustion is debatable, and the petition, at least as measured against the limited record before this Court, can be said to state a claim of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)

Buxton's claims attacking his convictions are plainly unexhausted because he never invoked a complete round of the state appellate review process, either on direct appeal or PCRA review. See O'Sullivan, 526 U.S. at 845. In addition, his challenge to the parole revocation is unexhausted because he does not claim to have appealed that decision.[3] Thus, we agree with the District Court that Buxton failed to exhaust remedies that were available to him in state court before seeking habeas review in federal court.

However, it does not necessarily follow, as the District Court concluded, that Buxton's habeas petition must be dismissed as "premature" – i.e., that there are still remedies available for Buxton to exhaust in state court. The Magistrate Judge seemed to conclude that Buxton has available remedies for two reasons. First, the Magistrate Judge noted a pending PCRA appeal on the 2005 conviction. However, the docket shows that Buxton withdrew that appeal in September 2009. Second, the Magistrate Judge noted that Buxton was seeking to file a PCRA petition nunc pro tunc to attack the 2008 conviction. Buxton, however, has never filed such a petition. He did submit various

---

[3] A Pennsylvania inmate can challenge a revocation decision by appealing to the Commonwealth Court. Commonwealth v. Fells, 513 Pa. 18, 20 (1986); Borsello v. Colleran, 833 A.2d 1213, 1215 (Pa. Commw. Ct. 2003). A review of the Commonwealth Court's publicly available docket reveals no evidence that Buxton filed an appeal.

letters to the trial court, copies of which he attached to the habeas petition, but Buxton does not presently have a PCRA petition of any sort pending in state court.

This record does not support a dismissal of Buxton's habeas petition as "premature." Buxton has no open proceedings in state court, and there is, moreover, no apparent reason to believe that there are remedies left for him to pursue. Rather, in light of his failure to exhaust when he had the opportunity to do so, and given the age of his convictions, there are strong reasons to believe that Buxton's habeas petition is now barred from review on the merits in federal court. This may be so either because his claims are procedurally defaulted, or because Buxton filed his petition after expiration of the AEDPA statute of limitations. The District Court did not raise or address these issues.

With regard to procedural default, "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,]... there is a procedural default for purposes of federal habeas [review.]" Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Buxton would be required under state law to exhaust his claims challenging the convictions through a PCRA petition. Any such petition, however, would be time barred. See, e.g., Bronshtein v. Horn, 404 F.3d 700, 728 (3d Cir. 2005) ("Although Bronshtein has never properly exhausted the claims at issue, he is now 'clearly foreclosed' from doing so by the PCRA time limit, see 42 Pa. Cons. Stat. Ann. § 9545(b), and these claims are therefore procedurally defaulted."). Further, Buxton's 30-

6

day period to appeal to the Commonwealth Court from the parole revocation decision has expired, see McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092, 1095 (Pa. Commw. Ct. 1993), and there does not appear to be any available means through which he can exhaust his challenge to that decision.

"Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes 'cause' to excuse the default and actual 'prejudice' as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental 'miscarriage of justice.'" Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting Coleman, 501 U.S. at 750). As noted, the District Court did not consider the question of procedural default, and thus we will remand for it to do so in the first instance, after affording Buxton an opportunity to respond to the issue.[4]

The District Court should also consider on remand whether Buxton's petition is barred by the statute of limitations. "AEDPA provides a one-year statute of limitations for filing a § 2254 petition once a defendant has completed the direct appeal process in

---

[4] We note that the District Court summarily dismissed Buxton's habeas petition despite the Magistrate Judge having noted "some confusion in the record." Under Rule 4 of the Rules Governing § 2254 Cases, a summary dismissal is appropriate only if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Given the noted "confusion in the record," a summary dismissal was inappropriate. On remand, the District Court should order service of the petition and direct the Commonwealth to file a response, which should help to clear up any lingering confusion regarding the record.

state court." Heleva v. Brooks, 581 F.3d 187, 190-91 (3d Cir. 2009) (citing 28 U.S.C. § 2244(d)(1)). A state court conviction becomes final at the conclusion of direct review or at expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). On the limited record before us, it would appear that Buxton's convictions, and the parole revocation decision, all became final more than a year prior to the filing of his habeas petition in December 2009. There is no indication that Buxton timely filed a PCRA petition so as to warrant statutory tolling of the limitations period. See 28 U.S.C. § 2244(d)(2); Taylor v. Horn, 504 F.3d 416, 426 (3d Cir. 2007). That would leave the question of whether Buxton can establish a basis for "equitable tolling" of the limitations period. See Miller v. N.J. Dep't. of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). The District Court should address the statute of limitations issue on remand, after affording Buxton an opportunity to respond. See Day v. McDonough, 547 U.S. 198, 209-10 (2006); United States v. Bendolph, 409 F.3d 155, 168 (3d Cir. 2005) (en banc).

III.

For these reasons, we will vacate the order dismissing Buxton's habeas petition for failure to exhaust available state court remedies, and we will remand for the District Court to conduct further proceedings consistent with this opinion.