Sean Burton,                          :
                    Petitioner       :
                                      :
          v.                          :
                                      :
John E. Wetzel (Secretary of          :
Corrections),                         :     No. 130 M.D. 2021
                    Respondent       :     Submitted: December 17, 2021


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge[1]
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  February 10, 2022


         Before this Court is the Pennsylvania Department of Corrections
(DOC) Secretary John E. Wetzel's (Respondent) Preliminary Objection to Sean
Burton's (Petitioner) Petition for Review (Petition) filed in this Court's original
jurisdiction.  After review, this Court sustains the Preliminary Objection and
dismisses the Petition.


**Facts**

         On March 21, 2011, a jury found Petitioner guilty of first-degree
murder, and, on May 24, 2011, the Delaware County Common Pleas Court
(sentencing court) sentenced him to life imprisonment without parole. *See* Petition
¶ 1; *see also* Petition Ex. B.  The sentencing court ordered Petitioner to pay
restitution to Cathy Stropas, the victim/decedent's mother, in the amount of

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

$8,254.79 for funeral expenses. *See id.* Petitioner recently discovered that Cathy Stropas passed away on January 13, 2015. *See* Petition ¶ 3; *see also* Petition Ex. A. Notwithstanding, DOC began making deductions from Petitioner's inmate account on May 13, 2015, for the funeral expenses. *See id.* Specifically, DOC has been taking deductions from the nominal gifts of money Petitioner's family and friends have sent to his account, as well as his inmate pay, which is $55.00 per month. *See* Petition ¶ 2.

On April 19, 2021, Petitioner filed the Petition requesting that "this Honorable Court issue an ORDER terminating the order of the [sentencing] court and reimburse all the funds taken from [P]etitioner's inmate account with interest." Petition at 2. By July 8, 2021 Order, this Court directed Respondent "to file an answer or otherwise plead within 30 days from the exit date of this order." *Id.* On August 5, 2021, Respondent filed the Preliminary Objection, alleging that Petitioner's request to terminate his restitution obligation must be directed to the sentencing court.

## Discussion

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for

which relief can be granted. *When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint.*

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "'[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 311 n.1 (Pa. Cmwlth. 2019).

Here, Respondent argues that the Petition should be dismissed because Petitioner must seek modification of his restitution order by filing a motion with the sentencing court, rather than by a civil action seeking an injunction against Respondent.

This Court has explained: "[I]f an inmate seeks to end [what is commonly known as] Act 84 deductions **by removing financial obligations from his original sentence**, the request to modify sentence should be heard by the common pleas court regardless of the place of confinement."[2] *Commonwealth v. Parella*, 834 A.2d 1253, 1256 (Pa. Cmwlth. 2003) (emphasis added).

---

[2] On June 18, 1998, the General Assembly passed Act 84, which amended Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728, by adding subsection (b)(5). Section 9728(b)(5) of the Sentencing Code permits DOC to collect fines, costs, and restitution from inmate prison accounts and forward the funds to the sentencing county. Section 9728(b)(5) of the Sentencing Code states, in relevant part:

> Deductions shall be as follows:
> (i) [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, . . . and any other court-ordered obligation.
> (ii) [DOC] shall:
> (A) Be authorized to make monetary deductions from inmate wages and personal accounts for the purpose of collecting restitution, . . . and any other court-ordered obligation or fees owed to the county jail or prison related to the inmate's incarceration.

An offender may request modification of a sentence in one of several ways: 1) a motion for modification of the sentence under [Pennsylvania Rule of Criminal Procedure] 720, which must be made within 10 days of the imposition of sentence; 2) a direct appeal of the sentence under [Pennsylvania Rules of Appellate Procedure] 901-911, notice of which must be given within 30 days of the imposition of sentence; 3) a petition for postconviction relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541[-]9546, which must be filed within one year of the date the judgment of sentence becomes final; or 4) **a petition to amend an order of mandatory restitution made during a sentencing hearing**, **which may be filed at any time**. [*See* Section 1106(c)(2)(iii) of the Crimes Code,] 18 Pa.C.S. § 1106(c)(2)(iii); *see Comm*[*onwealth*] *v. Burke*, 801 A.2d 1257 (Pa. Super. 2002).

*Commonwealth v. Lyons*, 830 A.2d 663, 665 (Pa. Cmwlth. 2003) (emphasis added). Because Petitioner "has clearly failed to state a claim for which relief can be granted" by this Court, Respondent's Preliminary Objection is sustained. *Torres*, 997 A.2d at 1245.

This Court acknowledges that, pursuant to Section 5103(a) of the Judicial Code: "A matter which is within the exclusive jurisdiction of a court . . . of this Commonwealth but which is commenced in any other tribunal of this Commonwealth **shall be transferred by the other tribunal to the proper court** . . . of this Commonwealth . . . ." 42 Pa.C.S. § 5103(a) (emphasis added). However, in the instant case, Respondent is not a party to the criminal action at the criminal docket. Rather, the Commonwealth's interests in the criminal matter are represented by the District Attorney. *See Commonwealth v. Jury*, 636 A.2d 164 (Pa. Super. 1993). Because the District Attorney is not named in the caption of Petitioner's

---

(B) Deduct an amount sufficient to satisfy any outstanding restitution, . . . or other court-ordered obligations before releasing funds on deposit.

42 Pa.C.S. § 9728(b)(5).

Petition, rather than transfer the matter to the sentencing court, this Court must dismiss the Petition. *See Borsello v. Colleran*, 833 A.2d 1213, 1215 (Pa. Cmwlth. 2003) ([T]rial court did not err in not transferring case to this Court because, *inter alia*, "the [Pennsylvania] Board [of Probation and Parole, the proper party,] is not a party named in the caption of the petitioner's petition.").

For all of the above reasons, Respondent's Preliminary Objection is sustained, and the Petition is dismissed.

_____
ANNE E. COVEY, Judge

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Sean Burton,                          :
                    Petitioner        :
                                      :
          v.                          :
                                      :
John E. Wetzel (Secretary of          :
Corrections),                         :   No. 130 M.D. 2021
                    Respondent        :

## O R D E R

AND NOW, this 10th day of February, 2022, the Pennsylvania Department of Corrections Secretary John E. Wetzel's Preliminary Objection to Sean Burton's Petition for Review (Petition) is SUSTAINED, and the Petition is DISMISSED.

_____
ANNE E. COVEY, Judge