IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Davis, Jr.,                          :
                          Petitioner        :
                                            :
              v.                            :
                                            :
Commonwealth of Pennsylvania,               :
Pennsylvania Legislature (General           :
Assembly), Allegheny County Court           :
of Common Pleas, and Pennsylvania           :
Attorney General,                           :       No. 245 M.D. 2023
                          Respondents       :       Submitted: November 6, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION[1]
BY JUDGE FIZZANO CANNON                              FILED: May 15, 2025


            Gerald Davis, Jr. (Davis), *pro se*, filed a petition for review (Petition)
addressed to this Court's original jurisdiction, challenging the legality of his criminal
sentence.  The Allegheny County Court of Common Pleas (Common Pleas), the
Pennsylvania Attorney General (Attorney General), and the Pennsylvania General
Assembly (General Assembly) (collectively, Respondents) filed preliminary

---

[1] Because the vote of the commissioned judges was evenly divided, this opinion is filed
"as circulated" pursuant to Section 256(b) of the Court's Internal Operating Procedures, 210 Pa.
Code § 69.256(b).  *McLinko v. Commonwealth*, 270 A.3d 1278, 1280 n.1 (Pa. Cmwlth. 2022).

objections. Upon review, we grant Respondents' objections asserting lack of subject matter jurisdiction and transfer the Petition to Common Pleas.

## I. Petition

Davis filed the Petition in May 2023, alleging the following. Davis is currently incarcerated at the State Correctional Institution—Fayette. Petition for Review (Petition) at 1, ¶ 2. On January 18, 2013, Common Pleas sentenced Davis to an aggregate term of 22 to 44 years' imprisonment. Petition at 2, ¶ 6. Davis filed a timely petition under the Post Conviction Relief Act (PCRA).[2] *Id.* at 2, ¶ 8. On February 19, 2016, Common Pleas vacated Davis's original sentence and resentenced him to an aggregate term of 17 to 40 years' incarceration. *Id.*, ¶ 8. Davis alleges that Common Pleas imposed both the initial and subsequent sentences pursuant to Section 9712 of the Sentencing Code,[3] 42 Pa.C.S. § 9712.[4] *Id.* at 2, ¶¶ 6

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 42 Pa.C.S. §§ 9701-9799.75.

[4] Section 9712 of the Sentencing Code provides, in pertinent part:

> **(a) Mandatory sentence.--**Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.
>
> . . . .

& 8.[5]  Davis asserts, however, that the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), rendered this statutory provision constitutionally infirm in its entirety.  *Id.* at 2, ¶ 7.[6]  Davis contends that "Respondents have not acted in accordance [with] their duties to correct or amend [Section] 9712 and have left [him] to lament in direct violation of the United States and Pennsylvania [C]onstitutions."  Petition at 2-3, ¶¶ 11-16 (citing U.S. Const.

> **(c) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence.  Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section.  Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S. § 9712(a), (c).

[5] The General Assembly challenges Davis's assertion that Common Pleas resentenced him pursuant to Section 9712 of the Sentencing Code, 42 Pa.C.S. § 9712, maintaining that Common Pleas imposed the new sentence without consideration of any mandatory minimum sentencing statute.  General Assembly's Preliminary Objections at 4-5, ¶¶ 1-2.  We observe that neither the January 18, 2013 "Order of Sentence" nor the February 19, 2016 "Order of Sentence—New Sentence" references Section 9712 of the Sentencing Code, 42 Pa.C.S. § 9712.  Petition at 8-11 & 15-19 (Attachments).

[6] In *Alleyne v. United States*, 570 U.S. 99 (2013), the United States Supreme Court considered whether "judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment" to the United States Constitution, U.S. Const. amend. VI. *Id.* at 103.  Answering this question in the negative, the Court concluded that "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury," reasoning that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id.* at 113-15.  The Court effectively overruled its prior holding in *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), that Section 9712 of the Sentencing Code, 42 Pa.C.S. § 9712, "[fell] on the permissible side of the constitutional line." *McMillan*, 477 U.S. at 91; *see also Alleyne*, 570 U.S. at 105-16.

amend. V, VIII & XIV; Pa. Const. art. III, § 1). Davis requests that this Court enter a declaratory judgment "affirming the unconstitutionality of his sentence," and provide mandamus relief "compelling [R]espondents to vacate and remedy the unconstituti[on]al sentence." Petition at 3. Further, Davis seeks "[a]n injunction upon [] Respondents that provides a fair and impartial action in addition to any other extraordinary relief this [H]onorable Court may deem applicable and appropriate." *Id.*

## II. Preliminary Objections and Answer

Common Pleas filed preliminary objections[7] seeking dismissal of the Petition with prejudice due to lack of jurisdiction on the basis that Davis's claims constitute an impermissible collateral attack upon his criminal sentences. Common Pleas' Br. in Support of Preliminary Objections at 3-5 (citing *Washam v. Delaware Cnty. Ct. of Common Pleas* (Pa. Cmwlth., No. 417 M.D. 2021, filed Apr. 21, 2023);[8]

---

[7] Rule 1516(b) of the Pennsylvania Rules of Appellate Procedure authorizes the filing of preliminary objections to an original jurisdiction petition for review in this Court. Pa.R.A.P. 1516(b). In ruling on preliminary objections,

> our review is limited to the pleadings. . . . We are required to accept as true the well-[pleaded] averments set forth in the . . . [petition for review], and all inferences reasonably deducible therefrom. . . . Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. . . .

*Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conserv'n & Nat. Res.*, 909 A.2d 413, 415-16 (Pa. Cmwlth. 2006) (citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts [pleaded] in the [petition for review], but also documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007).

[8] Unreported memorandum opinions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

*Guarrasi v. Scott*, 25 A.3d 394 (Pa. Cmwlth. 2011); *Keller v. Kinsley*, 609 A.2d 567, 569 (Pa. Super. 1992)). Common Pleas also asserts that only the Pennsylvania Supreme Court possesses jurisdiction to enter a writ of mandamus against a judicial entity or officer. *Id.* at 4.

Davis filed an answer to Common Pleas' preliminary objections, contending that Respondents possess a "duty to cure the constitutional defects" asserted in the Petition. "Reply to Preliminary Objections to the Petition for Review" at 1-2 (citing Pa. Const. art. I, §§ 1, 8 & 26). Asserting the right "to be sentenced constitutionally," Davis requests mandamus relief "to compel [] Respondents to enact legislation that would cure the constitutional defects of 42 Pa.C.S. § 9712" and "to enjoin [] Respondents from illegally detaining [him] pursuant [to] said unconstitutional statute." *Id.* at 2-3. In the alternative, Davis seeks relief in mandamus or in equity "to treat [him] as those similarly situated." *Id.* at 3.

The General Assembly filed preliminary objections in the nature of a demurrer and a request that this Court dismiss the Petition with prejudice due to lack of jurisdiction on the basis that it constitutes an "action[] . . . in the nature of [an] application for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the [C]ourt." General Assembly's Br. in Support of Preliminary Objections at 7-9, 11 & 13-14 (quoting 42 Pa.C.S. § 761(a)(1)(i)).

The Attorney General also filed preliminary objections, asserting that this Court lacks jurisdiction to consider Davis's impermissible attempt through the Petition to collaterally attack his criminal sentence. Attorney General's Br. in Support of Preliminary Objections at 4-5 (citing Section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i)). The Attorney General also maintains that she is

not a proper party to the instant suit, as Davis failed to allege any involvement by the Attorney General in the purported violation of his constitutional rights. *Id.* at 5-6. Moreover, the Attorney General demurs on the basis that the doctrines of *res judicata* and collateral estoppel preclude consideration of the Petition, where the Pennsylvania Superior Court previously upheld Davis's criminal sentence and the Pennsylvania Supreme Court denied his appeal. Attorney General's Preliminary Objections at 7, ¶¶ 21-23 (citing *Commonwealth v. Fields*, 197 A.3d 1217, 1217 (Pa. Super. 2018), *appeal denied*, *Commonwealth v. Davis*, 206 A.3d 1025, 1025 (Pa. 2019)).

### III. Discussion

Davis asserts that Common Pleas resentenced him in February 2016 pursuant to an unconstitutional statute; he requests a declaration "affirming the unconstitutionality of his sentence," as well as mandamus relief "compelling [R]espondents to vacate and remedy the unconstituti[on]al sentence." Petition at 2, ¶¶ 6-8 & 3. Thus, the Petition seeks post-conviction relief by means of a collateral challenge to the legality of the February 2016 criminal sentence. *See Scott v. Pa. Bd. of Prob. and Parole*, 256 A.3d 483, 486 & 488-89 (Pa. Cmwlth. 2021), *aff'd*, 284 A.3d 178 (Pa. 2022) (concluding that inmates' petition contesting the constitutionality of their criminal sentences in fact levied "challenges [] in the nature of claims seeking post-conviction relief"); *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1089 (Pa. Super. 2015) (recounting the petitioner's prior PCRA petition challenging the legality of a criminal sentence predicated on mandatory minimum

sentence requirements of Section 9712.1 of the Sentencing Code, 42 Pa.C.S. § 9712.1). Section 9542 of the PCRA

> provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542; *see also Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (explaining that "[t]he plain language of [Section 9542 of the PCRA, 42 Pa.C.S. § 9542,] demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act" (original emphasis omitted)); *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citing Section 9542 of the PCRA, 42 Pa.C.S. § 9542) (stating that "[b]y its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief"). Davis, therefore, could have challenged the legality of his February 2016 criminal sentence only through a PCRA petition, as he did in contesting his January 2013 criminal sentence. *See Guarrasi*, 25 A.3d at 402 (quoting Section 9542 of the PCRA, 42 Pa.C.S. § 9542) (explaining that a petitioner "may not use a civil action for declaratory judgment in our original jurisdiction to collaterally attack the legality of his criminal proceedings," as "[t]he

7

PCRA is the sole means 'by which persons convicted of crimes they did not commit and persons serving illegal sentences' may obtain collateral relief").

Section 761(a)(1)(i) of the Judicial Code provides that, as a general rule,

> [t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government,[9] including any officer thereof, acting in his official capacity, except:
> >
> > > (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the [C]ourt . . . .

42 Pa.C.S. § 761(a)(1)(i).[10]  As Davis seeks collateral, post-conviction relief that is "not ancillary to proceedings within [our] appellate jurisdiction," we agree with

---

[9] We note that Courts of Common Pleas are a part of the Commonwealth government.  *See Russo v. Allegheny Cnty.*, 125 A.3d 113, 117 (Pa. Cmwlth. 2015), *aff'd*, 150 A.3d 16 (Pa. 2016) (holding that courts of common pleas, as courts "of the unified judicial system, [are] entitled to the sovereign immunity of the Commonwealth").

[10] Our Supreme Court has explained that

> [a]rticle V, [s]ection 4 of the Pennsylvania Constitution, adopted April 23, 1968, created the Commonwealth Court and stated that the court shall "have such jurisdiction as shall be provided by law."  The General Assembly enacted Section 761 of the Judicial Code, which conferred [sic] the Commonwealth Court with original and exclusive jurisdiction over certain cases, including civil actions or proceedings against government agencies and officials.  The conferral of original and exclusive jurisdiction creates subject[]matter jurisdiction in the Commonwealth Court for the specified classes of claims.

Respondents that this Court lacks jurisdiction over the Petition. *See Scott*, 256 A.3d at 495 (sustaining the preliminary objection of the Pennsylvania Parole Board asserting lack of jurisdiction under Section 761(a)(1)(i), 42 Pa.C.S. § 761(a)(1)(i), and dismissing inmates' petition, where, "although styled as a 'Petition for Review in the Nature of a Complaint Seeking Declaratory Judgment and Injunctive Relief' in form, it [was] apparent that [the inmates] [were] launching a collateral attack on their sentences in substance" and "there [were] no matters pending in our appellate jurisdiction that [were] ancillary to the [p]etition");[11] *Washam*, slip op. at 4-5 (citing Section 761 of the Judicial Code, 42 Pa.C.S. § 761) (sustaining preliminary objections of two courts of common pleas and dismissing a petition challenging an inmate's criminal conviction and seeking release from imprisonment, explaining that an inmate "may not collaterally attack his conviction in this Court" and that the Court is "without jurisdiction to review a request for habeas relief"); *see also* Section 9545 of the PCRA, 42 Pa.C.S. § 9545 (providing that "[o]riginal jurisdiction over a proceeding under this subchapter shall be in the court of common pleas").

Section 5103(a) of the Judicial Code provides that "[a] matter which is within the exclusive jurisdiction of a court . . . of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court." 42 Pa.C.S. § 5103(a); *see also Boyd v. Pa.'s Sentencing Scheme for Sentencing 18 Year Old's* [sic] *to Mandatory Life without*

---

*Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 186 (Pa. 2022) (citation omitted).

[11] In affirming this Court's decision in *Scott*, our Supreme Court held that Section 761(a)(1)(i) of the Judicial Code "ma[de] clear that any claim that is 'in the nature of applications [sic] for a writ of habeas corpus or post-conviction relief' is removed from the Commonwealth Court's original jurisdiction." *Scott*, 284 A.3d at 186 (quoting Section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i)).

9

*Parole*, 311 A.3d 63, 69 (Pa. Cmwlth. 2024) (citing *Dockery v. Wolf*, 259 A.3d 566 (Pa. Cmwlth. 2021)) (acknowledging this Court's authority to transfer to the proper trial court a petition erroneously filed by an inmate in the Court's original jurisdiction in an attempt to collaterally attack the legality of his criminal sentence). Section 9545(b) of the PCRA provides, in relevant part:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United

10

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b)(1)-(3).

Here, neither the Petition nor any attachments thereto indicate that Davis appealed the February 2016 sentence. *See* Petition at 1-3. Thus, for purposes of the PCRA, Davis's judgment presumably became final 30 days following the issuance of the February 19, 2016 resentencing order. *See* Section 9545(b)(3) of the PCRA, 42 Pa.C.S. § 9545(b)(3); *see also* Pa.R.Crim.P. 720(A)(3) (providing that "[i]f [a] defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence . . . ."). Davis failed to file his May 2023 Petition within the one-year limitations period following the February 2016 resentencing order, nor does Davis plead an exception to the PCRA's time bar. *See* Section 9545(b). "It is well settled that '[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.'" *Boyd*, 311 A.3d at 69-70 (quoting *Commonwealth v. Towles*, 300 A.3d 400, 415 (Pa. 2023) (citation omitted) (stating that "[i]n the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition") (original emphasis omitted)). Thus, where a "claim [is] cognizable under the PCRA, the prisoner must adhere to the time requirements in Section 9545 of the PCRA," 42 Pa.C.S. § 9545. *Moss v. SCI – Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1138-39 (Pa. Cmwlth. 2018).

Courts have previously declined to transfer a PCRA petition or a claim cognizable under the PCRA to the proper trial court where the inmate concedes the untimeliness of the claim, or where the trial court has already decided that issue. *See*

*Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 198 nn. 16-17 (Pa. 2022) (citing Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103) ("declin[ing] to remand the case to the Commonwealth Court with directions to transfer the petitions to the relevant courts of common pleas"; concluding that "judicial economy dictate[d] . . . affirm[ing] the order" where the inmates "concede[d] that their petitions would be dismissed as untimely," such that "there [was] no possibility that the result would be any different"; and further explaining that "[t]he PCRA exists to provide finality to the criminal process and the General Assembly did not intend to permit an end-run around the time-bar through creative pleading"); *Commonwealth v. Jackson*, 30 A.3d 516, 518 & 521-22 (Pa. Super. 2011) (affirming the dismissal of an inmate's "motion to correct illegal sentence," which the trial court treated as a PCRA petition, where the trial court lacked jurisdiction under Section 9545 of the PCRA, 42 Pa.C.S. § 9545, to consider the "patently untimely" motion, and the inmate "concede[d] that he filed his [motion] years after his judgment of sentence became final, and that the [trial court] lacked statutory jurisdiction to consider his claim"); *see also Boyd*, 311 A.3d at 66-67 & 72 (declining to transfer a PCRA petition, where the trial court had already denied the inmate's PCRA claim as untimely, and the Pennsylvania Superior Court affirmed the trial court's denial on appeal). Here, however, the trial court has not already determined that Davis's PCRA petition, if filed, would be untimely, and Davis has not conceded as much. Therefore, we conclude that Davis should be allowed to argue the application of a PCRA timeliness exception before the court with jurisdiction over his PCRA claim, which in this case is Common Pleas. Accordingly, we transfer the matter to Common Pleas to consider Davis's claim,

12

provided he can demonstrate the timeliness of the Petition under the PCRA. *See* Section 9545(b)(1) of the PCRA, 42 Pa.C.S. § 9545(b)(1).

## IV. Conclusion

For the foregoing reasons, we sustain Respondents' preliminary objections asserting lack of subject matter jurisdiction and transfer the Petition to Common Pleas.[12]    Accordingly, we do not reach Respondents' remaining preliminary objections.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[12] We observe that Common Pleas is a named respondent in this matter and note that the Supreme Court has jurisdiction over such cases. 42 Pa.C.S. § 721(2). However, as we lack jurisdiction over this matter for the reasons stated herein, we leave bifurcation of this matter, if necessary, to the discretion of Common Pleas in accordance with applicable rules of procedure.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Davis, Jr., : 
                             Petitioner : 
                                         : 
                v. : 
                                           : 
Commonwealth of Pennsylvania, : 
Pennsylvania Legislature (General : 
Assembly), Allegheny County Court : 
of Common Pleas, and Pennsylvania : 
Attorney General, :   No. 245 M.D. 2023
                        Respondents : 

# **O R D E R**

AND NOW, this 15th day of May, 2025, the preliminary objections to Gerald Davis, Jr.'s Petition for Review filed by the Allegheny County Court of Common Pleas (Common Pleas), the Pennsylvania Attorney General, and the Pennsylvania General Assembly are SUSTAINED to the extent they assert a lack of subject matter jurisdiction. The Petition for Review is TRANSFERRED to Common Pleas.

                                      _____
                                        CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Davis, Jr.,               :
                    Petitioner    :
                                    :

                    v.           :    No. 245 M.D. 2023
                                    :

Commonwealth of Pennsylvania,   :    Submitted: November 6, 2024
Pennsylvania Legislature (General    :
Assembly), Allegheny County Court  :
of Common Pleas, and Pennsylvania  :
Attorney General,              :
                Respondents  :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MATTHEW S. WOLF, Judge

## *OPINION NOT REPORTED*

CONCURRING AND DISSENTING
OPINION BY JUDGE McCULLOUGH         FILED: May 15, 2025

        I respectfully concur and dissent for the reasons set forth in my dissenting opinion in *Anthony Edwards v. Pennsylvania's Sentencing Scheme in Sentencing Third Degree Murder Convictions to Mandatory Life without Parole for their Second Murder Conviction; General Assembly, and Attorney General* (Pa. Cmwlth., No. 184 M.D. 2023, filed May 15, 2025).[1] Specifically, I disagree with

---

[1] Contemporaneously with the filing of the *en banc* memorandum decision in this case, the Majority issued memorandum *en banc* decisions in *Edwards* and *Hawkins v. Adult Probation &*
**(Footnote continued on next page…)**

the decision to transfer Gerald Davis, Jr.'s Petition for Review to the Court of Common Pleas of Allegheny County, rather than dismiss it. Davis named the General Assembly, Allegheny County Court of Common Pleas, and the Attorney General as Respondents. The Court of Common Pleas of Allegheny County does not have personal jurisdiction over the General Assembly or the Attorney General. And, it certainly does not have personal jurisdiction over itself. Rather, it is the Supreme Court that has exclusive jurisdiction over cases against the courts of common pleas. *See* 42 Pa.C.S. § 721(2). As such, consistent with *Hill v. Governor of Commonwealth*, 309 A.3d 238 (Pa. Cmwlth.), *aff'd*, 317 A.3d 551 (Pa. 2024), which was affirmed by our Supreme Court, Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), and Rule 751 of the Pennsylvania Rules of Appellate Procedure, the Petition for Review should be dismissed, not transferred to the common pleas court.

As I noted in *Edwards*, the Majority did not discuss, distinguish, or overrule *Hill* or the multitude of other cases which decline to transfer where the transferee court would have no personal jurisdiction over the named respondents/defendants. *See, e.g.*, *Freeman v. Pennsylvania Board of Probation and Parole and General Assembly* (Pa. Cmwlth., No. 238 M.D. 2021, filed December 7, 2022); *Hudson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 364 M.D. 2021, filed August 30, 2023); *Borsello v. Colleran*, 833 A.2d 1213 (Pa. Cmwlth. 2003); *Burton v. Wetzel*, 274 A.3d 775 (Pa. Cmwlth. 2022); and *Lee v.*

---

*Collections Unit* (Pa. Cmwlth., No. 404 M.D. 2023, filed May 15, 2025), both of which also transfer actions filed in this Court's original jurisdiction based on the Majority's *sua sponte* inquiry into whether, if transferred, the petitioners' claims against certain Commonwealth government parties would be timely under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. As my concurring and dissenting opinions in those cases reflect, consistent with my opinions herein, I disagree that transfer of the actions to the sentencing court is appropriate under Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).

*Pennsylvania Board of Probation and Parole*, 251 A.3d 842 (Pa. Cmwlth. 2021). It also did not discuss in *Edwards* Section 5103(a) in any meaningful way, other than to reproduce it in a footnote. Like its analysis in *Edwards*, the Majority does the same thing in this case. It bases its decision to transfer solely on whether transferring would be futile from a timeliness standpoint. The reason it provides for transferring the Petition for Review to the common pleas court is because the common pleas court has not already determined that Davis's "PCRA petition, if filed, would be untimely, and Davis has not conceded as much." *Davis v. Commonwealth of Pennsylvania, Pennsylvania Legislature (General Assembly), Allegheny County Court of Common Pleas, and Pennsylvania Attorney General* (Pa. Cmwlth., No. 245 M.D. 2023, filed May 15, 2025), slip op. at 12. Thus, once again, as in *Edwards* and *Hawkins*, the Majority is basing its decision to transfer on factors that are not present in Section 5103(a).

*Hill* and the unambiguous language in Section 5103(a), however, make clear that the foremost consideration is to make sure the putative transferee court has **personal jurisdiction over the named Respondents**. Without a thorough discussion of Section 5103(a) and *Hill*, the bench and bar are left with no clear guidance on when and if we should transfer a case that is brought against a government entity which is not a proper party in a PCRA proceeding. As I mentioned in *Edwards*, *Hill* and those prior cases remain good law. The Majority's decisions in *Edwards*, *Hawkins*, and this case leave confusion and uncertainty.

Also, as I pointed out in my concurring and dissenting opinion in *Edwards*, Section 5103(a) contemplates transferring **an action** that was mistakenly filed in the wrong court to the court where it rightfully should have been filed, **as pled**. Here, Davis's Petition for Review seeks injunctive and declaratory relief

against the General Assembly, Allegheny County Court of Common Pleas, and the Attorney General. It is clearly not a mistakenly filed PCRA petition against **the Commonwealth**, which is the only proper party in PCRA proceedings. Because the common pleas court does not have personal jurisdiction over the Attorney General or the General Assembly, because none of these parties are proper parties in a PCRA proceeding, and because the Petition for Review does not meet the pleading and proof requirement of the PCRA, transfer is simply not appropriate here.

Moreover, the Majority **transfers** an action lodged against the Allegheny County Court of Common Pleas **to** the Allegheny County Court of Common Pleas even though **the Supreme Court has exclusive jurisdiction over cases against the courts of common pleas**. 42 Pa.C.S. § 721(2). The Majority "leaves" it to the common pleas court's "discretion" to "order bifurcation, if necessary." *Davis,* slip op. at 13, n.11. I believe the Majority's decision to transfer the Petition for Review to the common pleas court, which clearly does not have jurisdiction over itself, illustrates the unsoundness of transferring an action to a court that does not have personal jurisdiction over the named defendants/respondents.

Merely because a petitioner raises an argument in this Court that should have been raised in a PCRA proceeding does not mean that we must, or should, transfer the action to the sentencing court for lack of jurisdiction. Precedent is clear – an action should be transferred under Section 5103(a) if it is mistakenly (meaning inadvertently or unintentionally) filed in the wrong court. A petition for review that is not styled as a PCRA petition, that does not include the requisite averments for a valid PCRA petition, and that is brought against parties who are not proper parties in post-conviction proceedings is not the equivalent of a "transferrable" PCRA petition simply because the petitioner raises an argument that should have been made

before the sentencing court. To transfer such a petition for review to the sentencing court seriously wreaks havoc in that court, which is already inundated with PCRA petitions and would, in effect, require that court to (1) set up some sort of process for dealing with such transfers (entering an order allowing amendment or caption and pleading); and (2) accept the date of filing in this Court as the date of the filing of a PCRA petition – which a petitioner may not even file. Moreover, it **assumes** that Davis "mistakenly" filed a PCRA action in this Court, when he actually **meant to** file it in the sentencing court. It is not for this Court to make that assumption. The Majority's approach in this trilogy of cases seems to me a total usurpation of the sentencing court's role to decide if a PCRA petition is timely filed or not, has the correct parties, is in the proper form, etc.

Instead, I submit that the better course of action is to dismiss Davis's Petition for Review as lacking merit and allow him to refile a legal document that meets the pleading and proof requirements of the PCRA (if that is even what he intended), as we held in *Hill*.

For these reasons, I dissent.

_____
PATRICIA A. McCULLOUGH, Judge

President Judge Cohn Jubelirer and Judge Covey join in this Concurring and Dissenting Opinion.