IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Edwards, : 
                Petitioner : 
  : 
       v. : 
  : 
Pennsylvania's Sentencing Scheme : 
in Sentencing Third Degree Murder : 
Convictions to Mandatory Life without : 
Parole for their Second Murder : 
Conviction; General Assembly, : 
and Attorney General, : No: 184 M.D. 2023
                Respondents : Submitted: November 6, 2024


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION[1]
BY JUDGE FIZZANO CANNON                FILED: May 15, 2025


        Presently before this Court are the preliminary objections filed by the

Pennsylvania General Assembly (General Assembly) and the Pennsylvania Attorney

General (AG) (collectively, Respondents) to the petition for review (Petition) filed

by *pro se* petitioner Anthony Edwards (Petitioner) in this Court's original

jurisdiction. In the Petition, Petitioner challenges the constitutionality of his

---

[1] Because the vote of the commissioned judges was evenly divided, this opinion is filed "as circulated" pursuant to Section 256(b) of the Court's Internal Operating Procedures, 210 Pa. Code §69.256(b). *McLinko v. Commonwealth*, 270 A.3d 1278, 1280 n.1 (Pa. Cmwlth. 2022).

sentence of life in prison without the possibility of parole (LWOP) imposed pursuant to Section 9715(a) of the Sentencing Code,[2] 42 Pa.C.S. § 9715(a) (Section 9715(a))[3] which requires that an individual previously convicted of murder or voluntary manslaughter receive a sentence of life imprisonment for a subsequent third-degree murder conviction. For the reasons that follow, we (1) sustain Respondents' preliminary objections as to Petitioner's constitutional claims for lack of jurisdiction and transfer those claims to the Court to Common Pleas of Philadelphia County; and (2) sustain Respondents' demurrer to Petitioner's statutory claims pursuant to Pa.R.Civ.P. 1028(a)(4) and dismiss those claims.

## I. The Petition

Petitioner pleaded guilty to second-degree murder in 1973 (First Murder) and thereafter, in 1999, was found guilty of third-degree murder (Second Murder) and sentenced to LWOP pursuant to Section 9715(a). *See* Petition at 9.

In his first constitutional claim, the Petition argues that Section 9715(a) violates the cruel and unusual punishment prohibitions contained in article I, section 13 of the Pennsylvania Constitution[4] and the Eighth Amendment of the United States

---

[2] 42 Pa.C.S. §§ 9701-9799.75.

[3] Section 9715(a), entitled "Life Imprisonment for Homicide," provides:

> (a) Mandatory life imprisonment.–Notwithstanding [certain provisions of the Sentencing Code not applicable here,] any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S. § 9715(a).

[4] Article I, section 13 of the Pennsylvania Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. Const. art. I, § 13.

Constitution[5] by imposing a sentence of LWOP for an unintentional killing. *See* Petition at 5-15. Next, the Petition alleges that Section 9715(a), which was enacted in 1982, is impermissibly retroactive, in violation of the provisions of the United States and Pennsylvania Constitutions against *ex post facto* laws,[6] if applied to his First Murder.[7] *See* Petition at 15-19.

Petitioner also challenges the statutory basis for his LWOP sentence. *See* Petition at 2-5. Petitioner argues that "[t]he General Assembly's intent [in drafting Section 9715(a)] was not to incarcerate [Petitioner] for the remainder of his

---

[5] The Eighth Amendment of the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[6] Article I, Section 10 of the United States Constitution provides:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

U.S. CONST. art. I, § 10, cl. 1. Likewise, the Pennsylvania Constitution provides:

> No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.

PA. CONST. art. I, § 17. Our analysis remains the same under either Constitution. *See Commonwealth v. Rose*, 127 A.3d 794, 798 n.11 (Pa. 2015). "In order for a criminal or penal law to be deemed an *ex post facto* law, 'two critical elements' must be met: 'it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" *Rose*, 127 A.3d at 799 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)).

[7] The Petition lists both 1973 and 1974 as the date of the commission of Petitioner's First Murder. *See* Petition at 9, 16 & 18. The docket number listed for the first murder, CP-51-CR-0609411-1974, relates to a defendant with a different name (James Smart). *See* Petition at 16. This issue is of no moment, however, as the exact year of Petitioner's First Murder is immaterial to our determination here.

3

life without the chance of parole." Petition at 4. Petitioner argues that, because Section 9715(a) does not include the phrase "without the possibility of parole," the sentencing court was required to sentence him to a minimum sentence of 20 years. *See id.* at 4-5.

Based on these claims, Petitioner asks this Court to declare unconstitutional his LWOP sentence imposed pursuant to Section 9715(a) for the Second Murder. *See* Petition at 19-20. Petitioner further seeks to have the Court resentence him to a 20-year minimum sentence for the Second Murder.

## II. The Preliminary Objections

Initially, we note that

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

Respondents each filed preliminary objections (collectively, the Preliminary Objections) in this matter seeking dismissal of the Petition with

4

prejudice.[8]  Respondents first claim this Court lacks jurisdiction over Petitioner's claims, which Respondents argue challenge the legality of his criminal sentence and therefore constitute claims properly raised solely under the Post Conviction Relief Act[9] (PCRA), over which claims this Court lacks jurisdiction.  In a related challenge, Respondents also seek dismissal of the Petition because Petitioner has failed to exhaust the statutory remedies available to him under the PCRA.  Respondents also raise demurrers, claiming that the Petition fails to state claims against them and because they are not proper parties.  Respondents also argue for the dismissal of the Petition based on a failure to join a necessary party, the Pennsylvania Parole Board.

---

[8] Pennsylvania Rule of Civil Procedure 1028(a) provides:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
>
> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
>
> (3) insufficient specificity in a pleading;
>
> (4) legal insufficiency of a pleading (demurrer);
>
> (5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;
>
> (6) pendency of a prior action or agreement for alternative dispute resolution;
>
> (7) failure to exercise or exhaust a statutory remedy; and
>
> (8) full, complete and adequate non-statutory remedy at law.

Pa.R.Civ.P. 1028(a).

[9] 42 Pa.C.S. §§ 9541-9546.

The General Assembly also raises a subject matter defense under Pa.R.Civ.P. 1028(a)(1) based on the speech and immunity clause of the Pennsylvania Constitution.[10]

We address Respondents' PCRA argument first, as it implicates this Court's jurisdiction.

## III. Discussion

## A. The Petition's Constitutional Claims

Section 761(a)(1)(i) of the Judicial Code outlines this Court's original jurisdiction as follows:

> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except**:
>
> (i) actions or proceedings in the nature of **applications for a writ of habeas corpus or post-conviction relief** not ancillary to proceedings within the appellate jurisdiction of the [C]ourt[.]

42 Pa.C.S. § 761(a)(1)(i) (emphasis added). Our Supreme Court has held that, "if the necessary consequence of granting relief is that the conviction or sentence is undone or otherwise modified, then the claim is in the nature of . . . a writ of habeas

---

[10] Article II, section 15 of the Pennsylvania Constitution provides that "[t]he members of the General Assembly . . . for any speech or debate in either House [] shall not be questioned in any other place." Pa. Const. art. II, § 15.

corpus or post-conviction relief." *Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 189 (Pa. 2022) (*Scott II*) (internal quotation marks omitted).

Here, Petitioner asserts that he was sentenced to LWOP for the Second Murder pursuant to an unconstitutional statute. In the Petition, he asks this Court to declare the LWOP sentence imposed pursuant to Section 9715(a) for the Second Murder unconstitutional and to resentence him to a 20-year minimum sentence. As such, through both his cruel and unusual punishment claim and his *ex post facto* claim, the Petition seeks post-conviction relief by means of a collateral challenge to the legality of the Second Murder sentence. *See Scott v. Pa. Bd. of Prob. & Parole*, 256 A.3d 483, 486 & 488-89 (Pa. Cmwlth. 2021), *aff'd*, *Scott II* (concluding that inmates' petition contesting the constitutionality of their criminal sentences in fact levied "challenges [] in the nature of claims seeking post-conviction relief"); *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1089 (Pa. Super. 2015) (recounting the petitioner's prior PCRA petition challenging the legality of a criminal sentence predicated on mandatory minimum sentence requirements of Section 9712.1 of the Sentencing Code, 42 Pa.C.S. § 9712.1).

Section 9542 of the PCRA

> provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.[11]

42 Pa.C.S. § 9542; *see also Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (explaining that "[t]he plain language of [Section 9542 of the PCRA, 42 Pa.C.S.

_____

[11] "A writ of coram nobis 'is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered.'" *Commonwealth v.*

7

§ 9542,] demonstrates quite clearly that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act" (emphasis in original)); *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citing Section 9542 of the PCRA, 42 Pa.C.S. § 9542) (stating that "[b]y its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief"). Petitioner, therefore, can challenge the legality of his criminal sentence only through a PCRA petition. *See Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011) (quoting Section 9542 of the PCRA, 42 Pa.C.S. § 9542) (explaining that a petitioner "may not use a civil action for declaratory judgment in our original jurisdiction to collaterally attack the legality of his criminal proceedings," as "[t]he PCRA is the sole means 'by which persons convicted of crimes they did not commit and persons serving illegal sentences' may obtain collateral relief").

However, this Court lacks jurisdiction to entertain claims under the PCRA. *See* Section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i); *see also* 42 Pa.C.S. § 9545(a) ("Original jurisdiction over a proceeding under [the PCRA] shall be in the court of common pleas."). Accordingly, we sustain the Preliminary Objections to the extent they challenge the Petition for lack of jurisdiction over Petitioner's PCRA claims.

Lacking jurisdiction over Petitioner's PCRA claims, this Court may transfer the claim to the appropriate court. *See Dockery v. Wolf*, 259 A.3d 566, 572 (Pa. Cmwlth. 2021); *see also* 42 Pa.C.S. § 5103 ("Transfer of erroneously filed

---

*Descardes*, 136 A.3d 493, 494 n.1 (Pa. 2016) (quoting *Commonwealth v. Sheehan*, 285 A.2d 465, 467 (Pa. 1971)).

matters");[12] Pa.R.A.P. 751 ("Transfer of Erroneously Filed Cases").[13]   However, where a PCRA petition would be late-filed and would lack an applicable timeliness exception under the PCRA,[14] transfer to the court of common pleas for the purpose

---

[12] Section 5103 of the Judicial Code provides as follows:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.  A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a).

[13] Pennsylvania Rule of Appellate Procedure 751(a) provides as follows:

> **(a) General rule.**  If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a).

[14] Section 9545(b)(1) of the PCRA provides exceptions to the PCRA's one-year filing deadline only when

> the petition alleges and the petitioner proves that:

9

of litigating the petition is not warranted, as the petition would be properly dismissed as untimely. *See Scott II*, 284 A.3d at 198 n.17 (noting that transfer of a PCRA case to the trial/PCRA court is not warranted where the PCRA petition would be dismissed as untimely). However, in previous cases where this Court has dismissed PCRA claims outright in lieu of transferring them to the trial court to act as the PCRA court, the petitioner had previously conceded the untimeliness of the PCRA claim or the Superior Court had already decided that issue. *See Scott II*, 284 A.3d at 198 nn.16-17 (citing Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103) ("declin[ing] to remand the case to the Commonwealth Court with directions to transfer the petitions to the relevant courts of common pleas"; concluding that "judicial economy dictate[d] . . . affirm[ing] the order" where the inmates "concede[d] that their petitions would be dismissed as untimely," such that "there [was] no possibility that the result would be any different"; and further explaining that "[t]he PCRA exists to provide finality to the criminal process and the General Assembly did not intend to permit an end-run around the time-bar through creative pleading"); *Commonwealth v. Jackson*, 30 A.3d 516, 518 & 521-22 (Pa. Super.

---

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

2011) (affirming the dismissal of an inmate's "motion to correct illegal sentence," which the trial court treated as a PCRA petition, where the trial court lacked jurisdiction under Section 9545 of the PCRA, 42 Pa.C.S. § 9545, to consider the "patently untimely" motion, and the inmate "concede[d] that he filed his [motion] years after his judgment of sentence became final, and that the [trial court] lacked statutory jurisdiction to consider his claim"); *see also Boyd v. Pa.'s Sent'g Scheme for Sent'g 18 Year Old's to Mandatory Life Without Parole AG*, 311 A.3d 63, 66-67 & 72 (Pa. Cmwlth. 2024) (declining to transfer a PCRA petition, where the trial court had already denied the inmate's PCRA claim as untimely, and the Pennsylvania Superior Court affirmed the trial court's denial on appeal). Where a petitioner has not conceded that a PCRA petition would not satisfy any of the PCRA timeliness exceptions and the Superior Court has not already ruled on such timeliness, on the other hand, this Court should transfer the matter to the common pleas court with jurisdiction to rule on the timeliness of the PCRA petition. *See Birdwell v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 80 M.D. 2023, filed September 5, 2024)[15] (transferring petition raising a collateral challenge to a conviction to court of common pleas to litigate petition as PCRA court, including determining timeliness of PCRA claims, where the Superior Court had not already determined that a petitioner's PCRA petition would be untimely and not subject to any exception and petitioner had not conceded as much).

Here, having concluded that this Court lacks jurisdiction to hear Petitioner's PCRA claims, we nonetheless will transfer rather than dismiss the matter. We note that the Superior Court has not already determined that the PCRA claims raised in the Petition, if filed, would be untimely and not subject to any PCRA

---

[15] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

timeliness exception, and Petitioner has not conceded as much. Accordingly, although the Petition appears facially untimely, we decline to dismiss this action outright. Instead, we conclude that Petitioner must be allowed an opportunity to raise and argue a PCRA timeliness exception, however unlikely its merit, before a court with jurisdiction over the collateral claims raised herein. Accordingly, we transfer the PCRA claims to the Court of Common Pleas of Philadelphia County, which is the court with jurisdiction over the collateral claims raised herein.

We also decline to dismiss the matter based on Petitioner having arguably named improper parties in the Petition. Because we lack jurisdiction over the underlying claims, it is for the transferee court, the court with jurisdiction, to dismiss improper parties to the action. *See* 42 Pa.C.S. § 5103(a); Pa.R.A.P. 751. We find this to be especially so where, as here, dismissing certain parties would have the functional effect of dismissing the Petition. Thus, here, the task of dismissing certain parties on preliminary objections (or to entertaining motions to substitute the proper parties to the action) falls to the court with jurisdiction over the matter – here, the court of common pleas acting as a PCRA court.

## B. The Petition's Statutory Claims

The Petition also raises a statutory interpretation claim in which Petitioner claims that, in enacting Section 9715(a), the General Assembly did not intend that Petitioner would receive a LWOP sentence for a third-degree murder committed after he had committed a second-degree murder. Petitioner claims that, because Section 9715(a) does not include the words "without the possibility of parole," the sentencing court should have imposed a minimum as part of his Second Murder sentence, which he argues should have been 20 years.

This claim is distinct from Petitioner's PCRA claims discussed *supra*. Petitioner does not contend that the imposition of his sentence was greater than the lawful maximum, which would bring the claim into the realm of a PCRA claim. *See*

12

42 Pa.C.S. § 9543(a)(2)(vii). Instead, Petitioner argues that his sentence for the Second Murder should have included a minimum date (for parole eligibility purposes). As a result, this claim is one of statutory interpretation as opposed to one seeking post-conviction relief, and we need not dismiss it for lack of jurisdiction. As a result, we need not dismiss Petitioner's statutory claim against Respondents on jurisdictional grounds.

However, Respondents also demur to the Petition's statutory interpretation claims on the basis that are not proper parties to the claim because they do not impose sentences under the Sentencing Code, and therefore, the Petition fails to allege that any of their actions resulted in harm to Petitioner. We agree with Respondents that they are improper parties to Petitioner's statutory interpretation claims. This Court has determined that a litigant must bring suit against the party charged with maintaining the enforcement and administration of a statute, and that state actors who lack such duties and responsibilities are improper parties to actions. *See Wagaman v. Att'y Gen. of Com.*, 872 A.2d 244, 247 (Pa. Cmwlth. 2005) (holding that Attorney General improper party to sex offender registration case where Pennsylvania State Police was party charged with administration and enforcement of the sex offender registration statute); *see also Key v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 304 M.D. 2022, filed March 22, 2024), slip op. at 6 (dismissing Department of Corrections from declaratory judgment action because the Department of Corrections is not the state agency responsible for prosecuting crimes or appointing counsel and has no discernible role in administering the PCRA process). In this case, neither the AG nor the General Assembly is a proper party. Neither has authority under the Sentencing Code regarding Petitioner's sentencing or resentencing, which responsibility falls to Pennsylvania's courts of common pleas. As such, Petitioner has not asserted claims for which relief may be obtained

13

from either Respondent. Accordingly, we sustain Respondents' demurrers and dismiss the Petition to the extent it raises statutory claims against them.

## IV. Conclusion

We are constrained to interpret the Petition's two constitutional claims as being "in the nature of [an] application[] for . . . post-conviction relief." 42 Pa.C.S. § 761(a)(1)(i). Given that the action is not ancillary to any proceedings within the appellate jurisdiction of the Court, this Court lacks jurisdiction to hear such claims. Accordingly, we sustain Respondents' preliminary objection to those claims based on a lack of jurisdiction and transfer the claims to the Court of Common Pleas of Philadelphia County as a PCRA court.[16] We further sustain Respondents' preliminary objection to the Petition's statutory interpretation claims on the ground that they are not proper parties.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[16] We note that by transferring these claims because we lack jurisdiction to entertain cases under the PCRA, we take no position on the merits or timeliness of Petitioner's claims before the Court of Common Pleas of Philadelphia County.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Edwards,                 :
               Petitioner      :
                              :
        v.                    :
                              :
Pennsylvania's Sentencing Scheme   :
in Sentencing Third Degree Murder    :
Convictions to Mandatory Life without   :
Parole for their Second Murder       :
Conviction; General Assembly,      :
and Attorney General,            :    No: 184 M.D. 2023
               Respondents   :

## **O R D E R**

AND NOW, this 15th day of May, 2025, the General Assembly's and Attorney General's (Respondents) preliminary objections to Petitioner Anthony Edwards' (Petitioner) petition for review (Petition) on the bases that we lack jurisdiction over Petitioner's constitutional claims and that they are not proper parties to Petitioner's statutory interpretation claims are SUSTAINED. The statutory interpretation claims contained in the Petition are DISMISSED. The remaining constitutional claims contained in the Petition are TRANSFERRED to the Court of Common Pleas of Philadelphia County as a petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

Petitioner's application for relief seeking leave to file an untimely reply brief, which was docketed in this Court on November 4, 2024, is DENIED as the matter had already been submitted to the Court, pursuant to this Court's Order of October 9, 2024 for decision on November 6, 2024.

_____
CHRISTINE FIZZANO CANNON, Judge

Anthony Edwards,                   :
            Petitioner        :
                         :
     v.                    :     No. 184 M.D. 2023
                         :
Pennsylvania's Sentencing Scheme   :     Submitted: November 6, 2024
in Sentencing Third Degree Murder   :
Convictions to Mandatory Life without  :
Parole for their Second Murder      :
Conviction; General Assembly,      :
and Attorney General,           :
            Respondents      :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA. A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge

## _OPINION NOT REPORTED_

CONCURRING AND DISSENTING
OPINION BY JUDGE McCULLOUGH         FILED: May 15, 2025

        I agree with the thoughtful Majority that Anthony Edwards' challenge to the statutory basis for sentencing him to Life Without Parole (LWOP) imposed pursuant to Section 9715(a) of the Sentencing Code, 42 Pa.C.S. § 9715(a), must be dismissed pursuant to Pa.R.Civ.P. 1028(a)(4) because it is lodged against the Attorney General and the General Assembly, who have no statutory authority to make decisions as to Edwards' sentence under the Sentencing Code and are,

therefore, not proper parties to such a claim.[1]  But as they are likewise not proper parties to any potential, and not mistakenly or properly filed Post Conviction Relief Act (PCRA)[2] claim, and the sentencing court has no jurisdiction over them, the matter should be dismissed, not transferred.  The Majority further seeks to preserve the filing date in this Court upon transfer to the sentencing court, even though it is not a mistakenly filed PCRA petition and it is unclear what Edwards would possibly file, even if the trial court permitted Edwards to file a brand new pleading.  It is here that I must respectfully depart ways with the Majority.

In general, and as more specifically discussed below, the controlling precedent in this matter is currently *Hill v. Governor of Commonwealth*, 309 A.3d 238 (Pa. Cmwlth.), *aff'd*, 317 A.3d 551 (Pa. 2024), which was affirmed by our Supreme Court, and which dictates that where the sentencing court has no jurisdiction over the named parties, our Court should dismiss the matter.  Further, as discussed in *Hill*, the **rules** governing the transfer of cases from one court to another are set forth in Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), and Rule 751 of the Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.).  These rules quite clearly apply to the situation where a party has **mistakenly filed** his action in the wrong court.  These transfer rules direct courts to transfer such actions where (1) the originating court **lacks** jurisdiction over the action; and (2) another court (the transferee court) **has** jurisdiction over it.

Whether a court has jurisdiction to resolve a case is based not only on the matter but the parties as well.  A court must have both subject matter jurisdiction

---

[1] I also agree with the Majority to the extent it concludes that we are without authority to address Edwards' constitutional claims because they implicate the legality of his sentence.

[2] 42 Pa.C.S. §§ 9541-9546.

and personal jurisdiction to determine a legal action. "Jurisdiction to resolve cases on the merits requires authority over the category of claim in suit (subject matter jurisdiction) and authority over the parties involved (personal jurisdiction), so that the court's decision will bind them." *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 400 (Pa. 2021) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).

Here, the sentencing court does not have jurisdiction over the Respondents named in Edwards' Petition for Review. As such, consistent with *Hill* and the rules, the Petition for Review should be dismissed, not transferred. Nonetheless, under the auspices of "preserving" Edwards' filing date, the Majority seeks to implement a new rule to transfer the entire case, except where: (1) the petitioner concedes the untimeliness of the PCRA petition; or (2) the Superior Court or sentencing court have already denied the claim as untimely. *See* Majority Op. at 11 ("Where a petitioner has not conceded that a PCRA petition would not satisfy any of the PCRA timeliness exceptions and the Superior Court has not already ruled on such timeliness, this Court should transfer the matter to the common pleas court with jurisdiction to rule on the timeliness of the PCRA petition.").[3] However, there is nothing in Rule 751 or Section 5103 that requires transferring a case only if the

---

[3] Contemporaneously with the filing of the *en banc* memorandum decision in this case, the Majority issued memorandum *en banc* decisions in *Hawkins v. Department of Corrections, Adult Probation & Collections Unit* (Pa. Cmwlth., No. 404 M.D. 2023, filed May 15, 2025), and *Davis v. Pennsylvania Legislature (General Assembly), Allegheny County Court of Common Pleas, and Pennsylvania Attorney General* (Pa. Cmwlth., No. 245 M.D. 2023, filed May 15, 2025), both of which also transfer a complaint/petition for review filed in this Court's original jurisdiction based on its *sua sponte* inquiry into whether, if transferred, the petitioners' claims against certain Commonwealth government parties would be timely under the PCRA. As my concurring and dissenting opinions in those cases reflect, consistent with my opinions herein, I disagree wholly that transfer of the complaint/petition for review to the sentencing court is appropriate under Section 5103.

petitioner has not conceded the untimeliness of his PCRA petition or the issue has not already been denied as untimely.

In crafting this new rule out of whole cloth, the Majority has committed a series of missteps. **First,** an inmate's petition for review filed in this Court's original jurisdiction that does not contain the averments required in a PCRA petition is not a PCRA Petition "filed in the wrong court" merely because the relief requested is a change to his sentence. **Second,** the transfer rules require that the transferee court have jurisdiction over the transferred action. Suffice it to say, if the transferee court does not have jurisdiction over the action, it cannot, and should not, be transferred. The Majority, however, decides only that the "transferred" Petition for Review in this case would not be **futile** from a **timeliness** standpoint, and completely ignores the fact that the sentencing court is not a "proper tribunal" to consider the action because it clearly does not have jurisdiction over the named respondents, the Attorney General and the General Assembly. **Third**, neither of the "exceptions to transfer" created by the Majority appear in Section 5103. The Majority has erroneously added conditions to Section 5103 that do not exist. I believe the necessary and correct statutory interpretation analysis of Section 5103 and Rule 751 dictate that the transfer of Edwards' Petition for Review filed against the Attorney General and General Assembly is simply not proper, irrespective of any timeliness concerns.

## I.

**FIRST**: **A petitioner's petition for review filed in this Court's original jurisdiction that does not contain the averments required in a PCRA petition is not a PCRA petition "filed in the wrong court" merely because the relief requested is a change to his sentence**

*A. Edwards' Petition for Review is Not a "Mistakenly" Filed PCRA Petition That Can Simply be "Transferred" to the Sentencing Court*

i.　Section 5103(a)

Section 5103(a) of the Judicial Code, titled "Transfer of Erroneously Filed Matters," requires this Court to **transfer** an "appeal or other matter" when we do not have jurisdiction over an action and **another court does have jurisdiction**. It provides:

> (a) General rule.--If an appeal or **other matter** is taken to or brought in a court or magisterial district of this Commonwealth **which does not have jurisdiction of the** appeal or **other matter**, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but **shall transfer** the record thereof **to the proper tribunal** of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. **A matter which is within the exclusive jurisdiction of a court** or magisterial district judge of this Commonwealth **but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court** or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a) (emphasis added).

Transfer under this section is without prejudice ("shall be treated as if originally filed in the transferee tribunal on the date when the appeal"). The tolling theory behind this rule requiring transfer is that a plaintiff who timely files an action should not lose his opportunity to litigate the case simply because he is technically in error regarding the jurisdiction of the court. *Oleski v. Department of Public Welfare*, 822 A.2d 120 (Pa. Cmwlth. 2003).

Even though the Majority transfers Edwards' Petition for Review **pursuant to Section 5103(a)**, it pays no heed to its actual language. Instead, it is relegated to a footnote and not discussed in any meaningful way.

Section 5103(a) defines exactly when an action should be transferred. Transfer is triggered when a "matter" is brought to a court which "does not have jurisdiction" of the matter, and another tribunal does. In that situation, the court shall transfer the "matter" to the "proper tribunal." Where a "matter" is within the "exclusive jurisdiction" of a court, but is commenced in another court, the matter shall be transferred to the proper court.

Based on a reading of Section 5103(a), which is unambiguous, it is clear that the only concern the legislature had in enacting Section 5103 was to provide a vehicle by which entire cases (not isolated arguments or issues) **mistakenly filed in the wrong court** could be transferred to the court in which they should have initially been brought. Crucial to my interpretation is our legislature's use of the term "matter" to describe what may be transferred under this statute. A "matter" is defined in the Judicial Code as "**an action**, **proceeding** or appeal." 42 Pa.C.S. § 102 (emphasis added). An "action" is "[a]ny **action** at law or in equity." *Id.* This legislative language thus forces the conclusion that Section 5103 only provides authority to transfer an action as a result of the transferring court's lack of jurisdiction over it.

### ii. Rule 751

The same is true for **Rule 751**, which is based upon Section 5103(a) of the Judicial Code, and titled "Transfer of Erroneously Filed Cases." It provides:

> (a) General rule. If an appeal **or other matter** is taken to
> or brought in a court or magisterial district which does not
> have jurisdiction of the appeal or other matter, the court or

> district justice shall not quash such appeal or dismiss **the matter**, but shall transfer the record thereof to the **proper court** of this Commonwealth, where the appeal or **other matter** shall be treated as if originally filed in the transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a) (emphasis added).

### iii. "Matter"

In turn, "matter" is defined in the Appellate Rules to include (1) **action** (which is defined as **any action or proceeding** at law or in equity); (2) **proceeding** (which is undefined); and (3) appeal (which is defined as any petition or other application to a court for review). Pa.R.A.P. 102 (Definitions).

Thus, under a clear reading of both the transfer statute and appellate rule, if a party mistakenly files an appeal in an appellate court or in an incorrect office within the Unified Judicial System, the court that receives the mistakenly filed appeal must transfer the appeal or action to the proper court. Similarly, if an action is originally filed in the wrong court, the court must transfer the action to the proper court.

In concluding that Section 5103 authorizes the transfer of Edwards' entire Petition for Review, Respondents and all, to the sentencing court merely because he **includes an argument** that should have been raised in a properly and timely filed PCRA petition, the Majority interprets Section 5103 too broadly. It is clear to me that Edwards **did not "mistakenly" file "a PCRA action" in this Court** that we are required under Section 5103 to transfer to the sentencing court so as to "preserve his filing date." At best, Edwards makes **an argument** in his two-count Petition for Review against the Attorney General and General Assembly that he should have raised in a valid and timely filed PCRA petition filed against the

Commonwealth as the defendant in the sentencing court. Notably, Edwards has already filed three other PCRA petitions in the sentencing court. This Court's research reveals that the Superior Court has already affirmed the PCRA court's dismissal of three PCRA petitions filed by Edwards. His **first** PCRA petition, filed on April 22, 2002, was dismissed as meritless. Edwards did not appeal from that order. The Superior Court affirmed the dismissal of his **second** PCRA petition as untimely. In his **third** PCRA petition, Edwards alleged that the imposition of LWOP for his conviction of second-degree murder under Section 9715 of the Sentencing Code violated *Alleyne v. United States*, 570 U.S. 99 (2013). The Superior Court affirmed the dismissal of his third PCRA petition because he **failed to plead and prove an exception to the PCRA's one-year time bar**. *See Commonwealth v. Edwards* (Pa. Super., No. 2553 EDA 2014, filed July 22, 2015) (recounting the history of Edwards' PCRA petitions and finding Edwards' third PCRA petition untimely). Thus, it does not appear that he is confused or "mistaken" as to which court they belong.

In order to justify the transfer here, the Majority misconstrues Edwards' Petition for Review as though it was a valid PCRA petition that can simply be transferred lock, stock and barrel to the sentencing court for the continuation of proceedings. However, Edwards' Petition for Review is **not a PCRA petition**. Under Section 9543 of the PCRA, a PCRA petition[4] must plead and support the

---

[4] Specifically, Section 9543 of the PCRA provides:

> (a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

**(Footnote continued on next page…)**

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

 (ii) awaiting execution of a sentence of death for the crime;

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or

(iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become

**(Footnote continued on next page…)**

PAM - 9

essential elements of a claim.  *Commonwealth v. Rivers*, 786 A.2d 923, 937-38 (Pa. 2001).  The PCRA includes very specific requirements that must be stated in a PCRA petition.   Also, the PCRA contains a jurisdictional time bar, which is subject to limited statutory exceptions.[5]  42 Pa.C.S. § 9545(b)(1).  For the sentencing court to

> available and would have changed the outcome of the trial if it had been introduced.
>
> (vii) The imposition of a sentence greater than the lawful maximum.
>
> (viii) A proceeding in a tribunal without jurisdiction.
>
> (3) That the allegation of error has not been previously litigated or waived.
>
> (4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S. § 9543.  *See also* Rule 901 of the Pennsylvania Rules of Criminal Procedure (Pa.R.Crim.P.) 903 (Initiation of Post-Conviction Collateral Proceedings); Pa.R.Crim.P. 902 (Content of Petition for Post-Conviction Collateral Relief, Request for discovery) ("A petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested"); Pa.R.Crim.P. 903(A)-(B) (explaining that, upon receipt of PCRA petition, the clerk of court shall "make a docket entry, at the same term and number as the underlying conviction and sentence . . . and . . . place the petition in the criminal case file," then "transmit a copy of the petition to the attorney for the Commonwealth"); Pa.R.Crim.P. 906(A) (providing, generally, that an attorney for Commonwealth may elect to file answer or must do so if ordered by court).

[5] The statutory exceptions to the PCRA's one-year time bar are as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

**(Footnote continued on next page…)**

have jurisdiction to review the claims raised therein, the PCRA petition must demonstrate the applicability of one of the exceptions to the PCRA's one-year time bar. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261-62 (Pa. 1999).

Here, Edward's Petition for Review does not meet the pleading and proof requirement of the PCRA. Edwards' Petition for Review is not styled as a PCRA petition, *i.e.*, it does not include the requisite averments for a valid PCRA petition, and it is not brought **against the Commonwealth**, which is the only proper party to a PCRA proceeding. Edwards does not raise a single exception to timeliness under Section 9545(b).[6] He does not claim that his late filing was the result of interference by government officials. He does not claim that the facts upon which

---

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

[6] A PCRA petition seeking to invoke one of these exceptions must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

he bases his Petition for Review were unknown to him. He does not base his argument on any newly recognized constitutional right. Consequently, this is not a situation where an inmate clearly **intended** to proceed under the PCRA but "mistakenly" filed his **PCRA action** in this Court, **instead of** in the sentencing court. The Majority is, in effect, transferring to the sentencing court a case that will need to be completely re-pled to adhere to the PCRA, re-captioned to name the correct parties, re-docketed to reflect the criminal docket number, and re-served on the Commonwealth. The Attorney General and General Assembly will need to appear before the sentencing court and seek removal from the case.

The Majority is also requiring this Court to **assume** that Edwards **wants to** pursue his claims in the PCRA context and that he "mistakenly" filed his PCRA petition in the wrong court. We may not assume that. It is equally likely that Edwards very purposely did not file his current claims in the PCRA court against the Commonwealth, but rather very purposely filed his action in **this Court** against those respondents **he believes are responsible for enacting and implementing** the various laws he challenges. If we were to assume anything, it would be that Edwards knows exactly how and where to file a PCRA petition and against whom.

## II.

**SECOND**: **The Transfer Rules Require that the Transferee Court Have Jurisdiction Over the Transferred Action, and the Sentencing Court Does Not Have Jurisdiction in this Case**

Not only does Edwards' Petition for Review lack the essential elements of a PCRA petition, but the sentencing court also lacks personal jurisdiction over the named respondents, the Attorney General and General Assembly. Again, in order to toll the filing date under Section 5103(a), the action must be mistakenly brought

in a court that **lacks jurisdiction** and there must be a **proper court** to transfer it to ("[i]f [a] matter is taken to or brought in a court . . . **which does not have jurisdiction** of the . . . other matter, the court . . . shall transfer the record thereof to **the proper tribunal**") (emphasis added).

Edwards filed his Petition for Review against **the Attorney General and the General Assembly**, which consists of two causes of action alleging (1) constitutional violations, and (2) statutory violations.

> *A. The Sentencing Court Lacks Personal Jurisdiction Over the Attorney General and General Assembly*

As explained, under Section 5103(a), it is contemplated that in order to transfer an action to another court, that transferee court must be the "proper" court that has both subject matter jurisdiction and personal jurisdiction ("shall transfer the record thereof **to the proper tribunal** of this Commonwealth"). *See Bisher*, 265 A.3d at 400. Otherwise, it would be futile to transfer it.

Edwards' action, as pleaded, is against the Attorney General and the General Assembly, neither of which are proper parties in a PCRA proceeding; the Commonwealth is the proper party to participate in post-conviction proceedings. Without question, the sentencing court has no personal jurisdiction over the Attorney General or the General Assembly. *See* Section 761(a) of the Judicial Code, which provides, "[t]he **Commonwealth Court** shall have original jurisdiction of all civil actions or proceedings: (1) [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]" 42 Pa.C.S. § 761(a) (emphasis added). Therefore, we cannot transfer the petition for review to the sentencing court because it does not have personal jurisdiction over the named Respondents.

As noted, the most recent published case that held this is *Hill*, authored by the Court's current President Judge, Judge Cohn Jubelirer. In *Hill*, a *pro se*

PAM - 13

inmate serving a mandatory life sentence for second-degree murder filed a petition for review in our original jurisdiction against the Governor and the Pennsylvania Parole Board asking this Court (as Edwards does here) to change his sentence. Upon finding that we lacked authority to change his sentence, this Court then undertook a separate analysis to determine whether dismissal or transfer to the sentencing court would be appropriate. This Court first noted that Section 5103(a) states that, generally, a court "shall not dismiss an erroneously filed matter for lack of jurisdiction, but shall transfer the case to the proper tribunal." 42 Pa.C.S. § 5103(a).

However, notwithstanding that general provision, we decided not to transfer the action to the sentencing court because, as here, the Governor and Parole Board **were not proper parties to the criminal action at the criminal docket**. We explained that it is **the Commonwealth** that participates in proceedings under the PCRA. Therefore, transfer would be inappropriate and "an unjustifiable expenditure of judicial resources." Critically, we found that the inmate was not without recourse. We explained that the inmate's "proper recourse would be to pursue relief under the requirements of the PCRA." *Hill*, 309 A.3d at 246. That is precisely what Edwards is required to do here.

Prior to *Hill*, this Court was inconsistent in the way in which it handled the disposition of these types of petitions for review that are brought against the wrong parties.[7] *Hill* clarified that if the wrong parties are named, we should not

---

[7] *See, e.g.*, *Cook v. Wolf* (Pa. Cmwlth., No. 472 M.D. 2019, filed May 13, 2020) (transfers petition for review against the Governor to the common pleas court; follows no case, statute or rule); *Ellis v. Wolf* (Pa. Cmwlth., No. 596 M.D. 2019, filed April 13, 2021) (follows *Cook*); *Henry v. Wolf*, 256 A.3d 48, 53 (Pa. Cmwlth. 2021) (transfers petition for review against the Governor to the common pleas court, citing Section 5103(a) of the Judicial Code); *Dockery v. Wolf*, 259 A.3d 566 (Pa. Cmwlth. 2021) (same); *Green v. Wolf* (Pa. Cmwlth., No. 336 M.D. 2021, filed July 5, 2022) (transfers petition for review against the Governor to the common pleas court, citing *Henry* and *Dockery*).

transfer the petition for review to the sentencing court. However, *Birdwell v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 80 M.D. 2023, filed September 5, 2024), decided after *Hill*, did not follow its precedent but, rather, citing no case, statute, or rule, transferred the petitioner's petition for review to the common pleas court, even though the named respondent was the Parole Board, over which the common pleas court had no personal jurisdiction. Like this case, the *Hawkins* and *Davis* decisions, filed contemporaneously with this decision, also do not follow *Hill*.[8] They also all conflict with a line of cases that have applied this same rationale applied in *Hill* to cases seeking a writ of *habeas corpus ad testificandum* and mandamus relief.

For example, in *Borsello v. Colleran*, 833 A.2d 1213 (Pa. Cmwlth. 2003), this Court held that an inmate's Petition for a Writ of *Habeas Corpus Ad Testificandum* against the prison superintendent (not an officer of the Commonwealth) was properly dismissed by the trial court for lack of subject matter jurisdiction, rather than being transferred to this Court as an "erroneously filed" matter under Section 5103(a). The petition raised constitutional questions relating to the Parole Board's decision to recommit the inmate as a technical parole violator and the Parole Board's decision to deny him parole. We held:

> the trial court did not err in failing to transfer this matter
> pursuant to 42 Pa.C.S. § 5103, which mandates the transfer
> of erroneously filed matters. In the instant case, although
> the trial court acknowledged this Court's exclusive

---

[8] I respectfully note that panel decisions of this Court, such as *Hill* and the cases cited in *Hill*, can only be overruled by an *en banc* panel of this Court. *See* Commonwealth Court IOP § 257, 210 Pa. Code § 69.257. However, the Majority has elected not to publish its decision and does not specifically overrule *Hill*. Thus, it is entirely unclear to me if *Hill* has been overruled *sub silentio* by the Majority. If perchance *Hill* remains valid law, I do not see how the Majority's decision and *Hill* can be interpreted to give effect to each other.

jurisdiction over parole revocation appeals, **the Board is not a party named in the caption of Borsello's petition**.

*Id.* at 1215 (emphasis added).

In *Burton v. Wetzel* (Pa. Cmwlth., No. 130 M.D. 2021, filed February 10, 2022), an inmate filed a petition for review against the Department of Corrections (DOC) in our original jurisdiction, seeking an order directing DOC to terminate his restitution obligations to his murder victim's mother. We held that we did not have jurisdiction over the matter because the inmate's request to terminate his restitution obligation must be directed to the sentencing court. We dismissed the action for lack of jurisdiction, rather than transferring it to the sentencing court, because the District Attorney, who represents the Commonwealth's interests in criminal matters, was not named in the caption:

> This Court acknowledges that, pursuant to Section 5103(a) of the Judicial Code: "A matter which is within the exclusive jurisdiction of a court . . . of this Commonwealth but which is commenced in any other tribunal of this Commonwealth **shall be transferred by the other tribunal to the proper court** . . . of this Commonwealth . . . ." 42 Pa.C.S. § 5103(a) (emphasis added). However, in the instant case, **[DOC] is not a party to the criminal action at the criminal docket. Rather, the Commonwealth's interests in the criminal matter are represented by the District Attorney**. *See Commonwealth v. Jury*, 636 A.2d 164 (Pa. Super. 1993). **Because the District Attorney is not named in the caption of [p]etitioner's [p]etition, rather than transfer the matter to the sentencing court, this Court must dismiss the [p]etition**. *See Borsello v. Colleran*, 833 A.2d 1213, 1215 (Pa. Cmwlth. 2003) (trial court did not err in not transferring case to this Court because, *inter alia*, "the [Pennsylvania] Board [of Probation and Parole, the proper party,] is not a party named in the caption of the petitioner's petition[]").

PAM - 16

*Id.* at 2 (emphasis added). *See also Lee v. Pennsylvania Board of Probation and Parole*, 251 A.3d 842 (Pa. Cmwlth. 2021) (court declined to treat improper appellate petition for review as original jurisdiction petition for review in the nature of mandamus because proper respondent would have been DOC, which was not named as a party or served, explaining "the Court cannot simply transfer this matter to its original jurisdiction against an unnamed party, here, DOC"); *Scott v. Pennsylvania Board of Probation and Parole*, 256 A.3d 483 (Pa. Cmwlth. 2021) (declining to transfer action against Parole Board attacking a sentence of LWOP as unconstitutional because Parole Board was not a proper party to post-conviction proceedings); *Hudson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 364 M.D. 2021, filed August 30, 2023) (declining to transfer case to sentencing court under Section 5103(a) of the Judicial Code because the Commonwealth and not the Parole Board is the proper party to participate in post-conviction proceedings); *Freeman v. Pennsylvania Board of Probation and Parole and General Assembly* (Pa. Cmwlth., No. 238 M.D. 2021, filed December 7, 2022) (declining to transfer under Section 5103(a) of the Judicial Code a petition for review seeking declaratory judgment that Section 6137 of the Prisons and Parole Code violates constitutional prohibition against cruel and unusual punishment because the Parole Board and General Assembly do not participate the post-conviction proceedings).

### III.
### <u>THIRD</u>: neither of the "Exceptions to Transfer" created by the Majority appear in Section 5103(a)

Rather than adhering to the plain language of Section 5103(a), *Hill*, and the multitude of other cases that have declined to transfer an action where it was brought against parties which would not be proper parties in the proceedings before the transferee court, the Majority has created a new rule to be applied in PCRA cases

– by distilling from other cases which have declined to transfer an action filed in this Court if it would be futile from a timeliness standpoint, irrespective of the sentencing court's lack of jurisdiction over the named defendants. The Majority, therefore, countenances that (1) we should not consider whether the petitioner has named the appropriate respondents or whether the sentencing court has jurisdiction over the action as pled, and (2) we should raise, *sua sponte*, the question of the timeliness of a petition for review that raises an argument that should have been raised in a PCRA petition and factor timeliness into the transfer analysis. **That consideration is not present in either Section 5103(a) or Rule 751**, and the Majority does not rely upon, distinguish, or otherwise discuss *Hill*, even though it is directly on point.

Addressing briefly the issue of wrong parties, the Majority "declines" to dismiss the matter on the grounds that Edwards "arguably" named improper parties to a PCRA petition. First, Edwards did not **arguably** name the wrong parties to a PCRA petition, he **did** name the wrong parties. We definitely can, and should, take that obvious reality into consideration when deciding whether to transfer the case to the sentencing court. That is precisely what Section 5103(a) requires us to do **before** transferring an action to another court. The Majority, without any support whatsoever, declares that "it is for the transferee court, the court with jurisdiction, to dismiss improper parties to the action." To the extent it does so, I submit that it is inappropriate to leave that decision to the sentencing court **after the action has been transferred** ostensibly under Section 5103(a). Section 5103(a) specifically provides that if an action is "brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof **to the proper tribunal**." There is no principled reason

to transfer an action to a court that obviously does not have jurisdiction over the named parties, as is the case here. To do so is in clear violation of Section 5103(a).

Finally, I note that if we transfer Edwards' Petition for Review under Section 5103(a) (which preserves filing dates), the sentencing court would be bound to treat the matter as if originally filed on the date the Petition for Review was filed in this Court, in a situation where the pleading is not a valid PCRA petition and must first be amended in order to bring into compliance with the PCRA. In reviewing a PCRA petition for timeliness, it is for the sentencing court to decide if the inmate's filing meets the requirements of a PCRA petition, and whether the PCRA petition contains the requisite averments to invoke an exception to timeliness. Transferring this action under Section 5103(a) would, in essence, "preserve a filing date" for a pleading that does not comply with the PCRA. In this situation, we would be usurping the sentencing court's role in deciding PCRA matters.

## Conclusion

Basing the decision to transfer a case simply on whether the petition is facially untimely, without consideration of the other requisite transfer factors in Section 5103(a) and our current precedent, *Hill*, misses the mark. As noted, there are problems inherent in attempting to craft a rule for transfer that requires this Court to *sua sponte* raise issues of timeliness, assume the petitioner really meant to file it in the sentencing court, and ignore whether proper parties have been named so as to give the transferee court jurisdiction over the matter—an express requirement of Section 5103. The bottom line is that an action which merely seeks some of the relief that can only be awarded under the PCRA should not be treated as a "mis-filed" PCRA petition. This Court should not treat a petition for review as a PCRA petition simply because it raises one issue that should have been raised in a PCRA

PAM - 19

petition, particularly when the petition is filed against parties who are not proper parties in post-conviction proceedings. *Hill.* The better course of action is to follow our precedent, dismiss the Petition for Review as baseless, and allow the petitioner to refile a compliant PCRA petition under the PCRA, as we held in *Hill*.

For these reasons, I must dissent to the portion of the Majority's decision to transfer the Petition for Review to the sentencing court.

_____
PATRICIA A. McCULLOUGH, Judge

President Judge Cohn Jubelirer and Judge Covey join in this Concurring and Dissenting Opinion.